USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/01/2024

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MYRA S. SMITH,                                               :    23-CV-8229 (JLR) (RWL)
                                                             :
                              Plaintiff,                     :    REPORT AND RECOMMENDATION
                                                             :    TO HON. JENNIFER L. ROCHON:
                - against -                                  :    PRELIMINARY INJUNCTION
                                                             :
CITY OF NEW YORK,                                            :
                                                             :
                              Defendant.                     :
-------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

On September 18, 2023, Plaintiff, proceeding without representation, filed the instant action against the City of New York asserting claims in connection with her employment at the New York Police Department ("NYPD"). In particular, Plaintiff alleged discrimination based on race, ethnicity, and age, retaliation, and harassment in violation of federal, state, and local statutory law. She also alleged obstruction of justice. Now before the Court is, read liberally, Plaintiff's request for preliminary injunctive relief based on two declarations filed on July 25, 2024. (*See* Dkt. 26.) In the declarations, both of which are in Plaintiff's name, Plaintiff requests an "injunction prohibiting harassment" by two NYPD employees, Andrea L. Ferris and Naomi Smalls. Defendant submitted an opposing letter on September 19, 2024. (Dkt. 34.) The matter has been referred to me for report and recommendation. (Dkt. 27.) For the reasons that follow, I recommend that Plaintiff's motion be denied.

### Legal Standard

A preliminary injunction "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."

1

*Grand River Enterprise Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (internal citation omitted).  In the Second Circuit, a party seeking a preliminary injunction must establish (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in the movant's favor, and (4) that an injunction is in the public interest.  *Pharaohs GC, Inc. v. U.S. Small Business Administration*, 990 F.3d 217, 225 (2d Cir. 2021).

"A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Faiveley Transportation Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (internal quotation marks and citation omitted).  "To satisfy the irreparable harm requirement, Plaintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Grand River Enterprise*, 481 F.3d at 66 (internal quotation marks omitted).

Here, Plaintiff's declarations do not establish imminent or irreparable harm from either Ferris or Smalls, which alone merits denying injunctive relief.  *See id.* at 63 ("We hold that the district court did not abuse its discretion in finding that Grand River failed to demonstrate sufficiently a likelihood of irreparable harm and, therefore, on that basis alone, affirm its denial of Grand River's motion").

**Ferris**

Plaintiff's assertions regarding Ferris do not establish a likelihood of irreparable harm in the absence of injunctive relief.  The declaration asserts that a year ago, on October 4, 2023, Ferris physically blocked Plaintiff from moving freely by placing her body

2

in front of Plaintiff. (Dkt. 26 at ECF 2 ¶ 6.) The incident about which Plaintiff complains occurred almost nine months before she filed the instant request for preliminary relief. Plaintiff has not asserted any facts to indicate that Ferris's alleged conduct continued after the October 2023 incident. Nor has Plaintiff asserted any facts to suggest an actual threat of imminent harm. Under such circumstances, there is no basis for preliminary injunctive relief. *See Kane v. De Blasio*, 19 F.4th 152, 172 n.20 (2d Cir. 2021) ("Preliminary injunctions are appropriate only to prevent **prospective** harm until the trial court can decide the case on the merits") (emphasis in original); *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016) (denying preliminary injunctive relief where plaintiff failed to establish likelihood of continuing harm); *Pirtek USA, LLC v. Zaetz*, 408 F. Supp.2d 81, 84 (D. Conn. 2005) (explaining that because "a party seeking preliminary injunctive relief must show that there is a continuing harm which cannot be adequately redressed by final relief on the merits" to establish irreparable harm, a past injury alone "is insufficient to establish irreparable harm[ ]") (internal quotation marks omitted) (citing *Deshawn v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998)).

### Smalls

Plaintiff's assertions against Smalls similarly do not establish the likelihood of irreparable harm. Plaintiff specifically refers to incidents on two dates. The first occurred on January 1, 2024, when Smalls purportedly made comments regarding Plaintiff's religion and mental health, including that Plaintiff had "come into the room supposed to be a Christian," that Plaintiff's behavior was "not Christian," and that Plaintiff was "mentally ill," "unhappy," and "should get some help." (Dkt. 26 at ECF 11.) Smalls allegedly had several such outbursts against Plaintiff in the past, "but none as specific and as pointed

towards my religious belief/behavior as this." (*Id.*) The second event occurred on June 21, 2024. On that day, Smalls was in the room when Plaintiff arrived at 8:00 a.m. for work. (*Id.*) According to Plaintiff, Small "has traumatized me daily." (*Id.*) Plaintiff asserts that "the number one killer of people of color are other people of color," and "the number one killer of religious people are other religious people who disagree with the practice or profession of religion espoused by someone other than themselves." (*Id.*) Plaintiff concludes that she is "afraid for my life and safety which is in danger for as long as I am vulnerable to … Smalls." (*Id.*)

      None of what Plaintiff alleges establishes likely irreparable harm. Plaintiff relates only that Smalls has made offensive or inappropriate remarks toward Plaintiff. *See Buckingham Corp. v. Kar*p, 762 F.2d 257, 262 (2d Cir.1985) ("inequitable conduct alone cannot justify the entry of a preliminary injunction. The linchpin of such interim relief is that threatened irreparable harm will be prevented by that injunction"). Her statements are devoid of detail about "daily trauma." *See Bridges v. Correctional Services*, No. 17-CV-2220, 2019 WL 1454225, at * (S.D.N.Y. Apr. 2, 2019) (denying preliminary injunction in part because the plaintiff failed "to describe the harassment, intimidation, or discrimination he is experiencing in any detail, let alone show how it is causing Plaintiff irreparable harm"). Plaintiff does not assert that Smalls threatened Plaintiff physically or otherwise, and her assertion that she fears for her life and safety is entirely speculative. *See CRP/Extell Parcel I, L.P. v. Cuomo*, 394 F. App'x 779, 782 (2d Cir. 2010) (affirming denial of preliminary injunction in part because irreparable harm was based on "purely speculative allegations"); *Purgess v. Parauda*, No. 20-CV-2984, 2021 WL 2269540, at *3-

4 (S.D.N.Y. June 3, 2021) (denying preliminary injunction where alleged irreparable harm was speculative).

## Conclusion

None of the foregoing is an assessment of the merits of Plaintiff's claims. Even accepting Plaintiff's declarations as true, she has not established the requisite likelihood of irreparable harm. Without such showing, there is no basis for preliminary injunctive relief. Accordingly, I recommend that Plaintiff's motions for preliminary injunctive relief be DENIED. To the extent not addressed above, the Court has considered Plaintiff's arguments and finds them to be either moot or without merit.

## Deadline For Filing Objections And Preserving Appeal

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report and Recommendation. Any party shall have fourteen (14) days to file a written response to the other party's objections. Any such objections and responses shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Jennifer L. Rochon, United States Courthouse, 500 Pearl Street, New York, New York 10007, and to the Chambers of the undersigned, at United States Courthouse, 500 Pearl Street, New York, New York 10007. Any request for an extension of time for filing objections must be addressed to Judge Rochon. **Failure to file timely objections will result in a waiver of the right to object and will preclude appellate review.**

Respectfully submitted,

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: October 1, 2024
      New York, New York

Copies transmitted this date to all counsel of record. The Clerk of Court is respectfully requested to mail a copy of this order to the pro se Plaintiff and note service on the docket.