USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/12/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MYRA S. SMITH,                                :          23-CV-8229 (JLR) (RWL)
                                              :
                              Plaintiff,      :          **REPORT AND RECOMMENDATION**
                                              :          **TO HON. JENNIFER L. ROCHON:**
        - against -                           :          **REQUEST FOR INJUNCTION**
                                              :          **AND RESTRAINING ORDER**
CITY OF NEW YORK,                             :
                                              :
                              Defendant.      :
------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

On September 18, 2023, Plaintiff, proceeding without representation, filed the instant action against the City of New York asserting claims in connection with her employment at the New York Police Department ("NYPD").  In particular, Plaintiff alleged discrimination based on race, ethnicity, and age, retaliation, and harassment in violation of federal, state, and local statutory law.  She also alleged obstruction of justice.

Before the Court is Plaintiff's third request for temporary injunctive relief and restraint pursuant to Federal Rule of Civil Procedure 65.  (*See* Dkt. 54, 57.)  The Court denied Plaintiff's two prior applications. On July 25, 2024, Plaintiff sought injunctive relief and restraint against alleged harassment by two NYPD employees.  (Dkt. 26.)  The Court denied the request because Plaintiff had not demonstrated likelihood of irreparable harm in the absence of injunctive relief.  (Dkts. 38, 40.)  On October 22, 2024, Plaintiff filed a declaration seeking injunctive relief and restraint prohibiting the New York Police Department from setting Plaintiff's schedule other than as allegedly agreed to previously. (Dkt. 41.)  The Court denied Plaintiff's second application because Plaintiff again failed to demonstrate a likelihood of irreparable harm in the absence of injunctive relief.  (Dkt. 46,

53.)  In the instant application, Plaintiff asserts that an employee of the New York City Police Department changed Plaintiff's scheduled work hours in a discriminatory act of retaliation and then falsified business records to cover it up.  (Dkt. 54.)  Once again, Plaintiff fails to demonstrate a likelihood of irreparable harm that would support issuing temporary injunctive relief and restraint.

## Legal Standard

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  *Grand River Enterprise Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (internal citation omitted).  In the Second Circuit, a party seeking a preliminary injunction must establish (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in the movant's favor, and (4) that an injunction is in the public interest.  *Pharaohs GC, Inc. v. U.S. Small Business Administration*, 990 F.3d 217, 225 (2d Cir. 2021).

"A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction."  *Faiveley Transportation Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (internal quotation marks and citation omitted).  "To satisfy the irreparable harm requirement, Plaintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm."  *Grand River Enterprise*, 481 F.3d at 66 (internal quotation marks omitted).

Here, Plaintiff has not established the likelihood of imminent or irreparable harm in the absence of an injunction. *See id.* at 63 ("We hold that the district court did not abuse its discretion in finding that Grand River failed to demonstrate sufficiently a likelihood of irreparable harm and, therefore, on that basis alone, affirm its denial of Grand River's motion"). Plaintiff asserts, via declaration, that on May 9, 2024, she refused to comply with an "unlawful order" of a particular employee (the "Employee") "who requested that Plaintiff sign a blank piece of paper." (Dkt. 54 at ECF 9.) The next workday, the Employee "changed Plaintiff's schedule in retaliation thereto." (*Id.*) Plaintiff further asserts that the Employee falsified business records and tampered with evidence "to cover-up her crimes." (*Id.*) Plaintiff states that she her immediate supervisor ignored those events when she brought them to the supervisor's attention. (*Id.*) More recently, on January 10, 2025, "Plaintiff refused to accept disciplinary action … from [the Employee] without a statutory hearing," after which the Employee "again abruptly changed Plaintiff's schedule in retaliation thereto … requiring Plaintiff to bring this action to the Court for its intervention." (*Id.* at ECF 10.)

Plaintiff's declaration does not identify any facts demonstrating likelihood of injury or threat of injury from the events she describes. Instead, boilerplate, pre-printed language in her declaration asserts that, due to the Employee's "abuse of power," Plaintiff has been "seriously alarmed, annoyed, or harassed" so as "to believe that she is under threat of death or serious bodily injury." (*Id.* at ECF 2.) Plaintiff's statements are devoid of detail about any threat to life or safety, whether to others or herself. Such conclusory and speculative statements do not suffice to establish likely irreparable harm in the absence of injunctive relief. *See CRP/Extell Parcel I, L.P. v. Cuomo*, 394 F. App'x 779,

782 (2d Cir. 2010) (affirming denial of preliminary injunction in part because irreparable harm was based on "purely speculative allegations"); *Purgess v. Parauda*, No. 20-CV-2984, 2021 WL 2269540, at *3-4 (S.D.N.Y. June 3, 2021) (denying preliminary injunction where alleged irreparable harm was speculative).

In addition to her declaration, however, Plaintiff also has submitted an Affirmation that is essentially a legal brief.  (Dkt. 57.)  There, Plaintiff articulates more specifically the irreparable harm she contends she will face in the absence of preliminary injunctive relief. First, Plaintiff asserts that upon termination of her employment, she will lose insurance coverage and that she has "life-threatening diseases" and thus a greater possibility of "sooner death."  (*Id.* ¶ 4.)  Plaintiff has not presented any facts, however, indicating that either loss of employment or loss of insurance is imminent or that she is likely to have her life shortened as a result.  Nor has Plaintiff demonstrated that she would not be able to secure insurance through other means or that she would not receive critical medical care without insurance.  In any event, the claim that loss of her job will lead to loss of insurance that will lead to loss of treatment that will lead to hastening death remains entirely speculative.

The only other irreparable harm that Plaintiff describes is that if her work hours are shifted to the night instead of the day, she will be in danger upon coming and going from her apartment building because there will be no night time security staff or comings-and-goings of other people that are otherwise present during daytime hours.  (*Id.* ¶¶ 5-7.) Plaintiff asserts that at least three other females have been sexually assaulted or murdered in her building and that she cannot afford private security.  (*Id.* ¶¶ 8-9.)  The

Court is sympathetic to Plaintiff's concerns, but, still, they remain speculative and too far attenuated from a change in her work hours.

Moreover, the arguments Plaintiff's raise are all ones she could have made in her two earlier applications for injunctive relief. And, she does not present any new facts that have recently occurred that would change the analysis since denial of the previous application. *See International Business Machines Corp. v. Johnson*, No. 09-CV-4826, 2009 WL 2356430, at *2 (S.D.N.Y. July 30, 2009) (denying second motion for preliminary injunction because movant could have presented same information on first motion, and stating that the Court would not allow the plaintiff "to litigate this matter through piecemeal, seriatim motions requesting the same relief"); *cf. Virgin Atlantic Airways, Ltd. v. National Mediation Board*, 956 F.2d 1245, 1255 (2d Cir. 1992) (to obtain reconsideration, a movant must demonstrate "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error to prevent manifest injustice").

Finally, as previously explained in the previous decisions denying Plaintiff's request for injunctive relief, to the extent Plaintiff may not have the work schedule she prefers or which was changed without a hearing, Plaintiff may experience inconvenience but not irreparable harm. *See Railway Independent Transit Union v. Port Authority Trans-Hudson Corp.*, No. 14-CV-1361, 2014 WL 1225653, at * 3-4 (S.D.N.Y. March 24, 2014) ("personal inconvenience is not the irreparable harm that warrants preliminary injunctive relief") (citing *Local 553, Transport Workers Union v. Eastern Air Lines, Inc.*, 695 F.2d 668, 677 (2d Cir. 1982)). Accordingly, Plaintiff has not met the requirements for granting preliminary injunctive relief.

**Conclusion**

None of the foregoing is an assessment of the merits of Plaintiff's claims.  Even accepting Plaintiff's declaration as true, she has not established the requisite likelihood of irreparable harm.  Without such showing, there is no basis for preliminary injunctive relief.  Accordingly, I recommend that Plaintiff's motions for preliminary injunctive relief be DENIED.  To the extent not addressed above, the Court has considered Plaintiff's arguments and finds them to be either moot or without merit.

**Deadline For Filing Objections And Preserving Appeal**

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report and Recommendation.  Any party shall have fourteen (14) days to file a written response to the other party's objections.  Any such objections and responses shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Jennifer L. Rochon, United States Courthouse, 500 Pearl Street, New York, New York 10007, and to the Chambers of the undersigned, at United States Courthouse, 500 Pearl Street, New York, New York 10007.  Any request for an extension of time for filing objections must be addressed to Judge Rochon.  **Failure to file timely objections will result in a waiver of the right to object and will preclude appellate review.**

Respectfully submitted,

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:  February 12, 2025
         New York, New York

Copies transmitted this date to all counsel of record.  The Clerk of Court is respectfully requested to mail a copy of this order to the pro se Plaintiff and note service on the docket.