UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MYRA S. SMITH,<br><br>                              Plaintiff,<br><br>         -against-<br><br>CITY OF NEW YORK,<br><br>                              Defendant. | No. 1:23-cv-08229 (JLR) (RWL)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

Myra S. Smith ("Plaintiff") initiated this action on September 18, 2023, *see* Dkt. 1, and filed an Amended Complaint on August 7, 2024, *see* Dkt. 28. Plaintiff asserts various federal and state claims against the City of New York ("Defendant") for age and race discrimination, retaliation, hostile work environment, and obstruction of justice. *See generally* Dkt. 28. On September 23, 2024, Defendant moved to dismiss the Amended Complaint in its entirety pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing that Plaintiff has not exhausted her administrative remedies and fails to state a claim upon which relief may be granted. *See* Dkt. 35. Currently before the Court is the Report and Recommendation of Magistrate Judge Lehrburger recommending that Defendant's motion be granted and that Plaintiff's Amended Complaint be dismissed in its entirety. *See* Dkt. 64 ("R&R"). Specifically, Judge Lehrburger recommends "that dismissal of the federal claims be with prejudice[] and that dismissal of the state law claims be without prejudice." *Id.* at 35.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of

the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised Plaintiff that she had fourteen days to file any written objections and warned that failure to timely file such objections would result in waiver of any right to object. *See* R&R at 35-36. In addition, the Report and Recommendation expressly called Plaintiff's attention to Rule 72 and 28 U.S.C. § 636(b)(1). *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On June 17, 2025, Plaintiff submitted a request for an extension of time to file her objections to the Report and Recommendation, explaining that she was unable to access the resources required to draft her objections due to a lack of internet access and a temporary outage in her telephone service. *See* Dkt. 65. The Court granted the extension and advised Plaintiff that she was required to submit her objections no later than July 15, 2025. *See* Dkt. 66. That deadline has expired, and no objections have been filed. Accordingly, Plaintiff has waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b), the Court has reviewed the Report and Recommendation for clear error. "A decision is 'clearly erroneous' when the reviewing Court is left with the definite and firm conviction that a mistake has been committed." *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14-cv-04394 (AJN), 2018 WLL 1750595, at *21 (S.D.N.Y. Apr. 11, 2018). Having reviewed Judge Lehrburger's report, the

Courts finds it to be free from clear error. Therefore, the Court adopts the Report and Recommendation of Judge Lehrburger in its entirety.

Accordingly, Defendant's motion to dismiss the amended complaint is GRANTED. Plaintiff's federal claims are hereby DISMISSED with prejudice for failure to state a claim. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims under state and city law, and those claims are hereby DISMISSED without prejudice to refiling in state court.

The Clerk of Court is respectfully directed to close the case and mail a copy of this order to Plaintiff.

Dated: July 18, 2025
        New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge