UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MYRA S. SMITH,<br><br>         Plaintiff,<br><br>  -against-<br><br>CITY OF NEW YORK,<br><br>         Defendant. | No. 1:23-cv-08229 (JLR) (RWL)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  On September 3, 2024, Defendant moved to dismiss Plaintiff's Amended Complaint. *See* Dkt. 35. On June 3, 2025, Magistrate Judge Robert W. Lehrburger issued a report and recommendation ("R&R") recommending that Defendant's motion be granted and that the Amended Complaint be dismissed in its entirety. *See* Dkt. 64. On June 17, 2025, the date on which Plaintiff's objections were due, Plaintiff submitted a request for an extension of time to file her objections. *See* Dkt. 65. The Court granted Plaintiff's request and extended the objections to July 15, 2025. *See* Dkt. 66. On July 18, 2025, having received no timely objections or other correspondence from Plaintiff, the Court adopted Judge Lehrburger's R&R in its entirety, dismissing Plaintiff's federal claims with prejudice for failure to state a claim and Plaintiff's remaining claims without prejudice to refiling in state court. *See* Dkt. 68. Later that day, the Clerk of Court entered a judgment and closed the case. *See* Dkt. 69.

  On July 28, 2025, the Court received a second request from Plaintiff, by hand delivery, for an extension of time to file objections to the R&R. *See* Dkt. 70. The request is dated July 17, 2025 — after the objection deadline — and appears to have originally been submitted to the New York City Law Department rather than the Court. *See id.* at 6.

  As a threshold matter, Plaintiff did not file objections or request an extension prior to the July 15 deadline, and she has thus "waived the right to object to the [R&R] or to obtain

appellate review." *Grant v. Commr. of Soc. Sec.*, No. 23-cv-08201 (AS), 2024 WL 814559 (S.D.N.Y. Feb. 27, 2024). Even if the Court were to accept Plaintiff's request for an extension as timely, "[t]he granting or denial of a motion to extend the time for objection to a [magistrate judge's] recommendations lies within the discretion of the district court." *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988) (citing Fed. R. Civ. P. 6(b)); *see also* Fed. R. Civ. P. 6(b) ("When an act . . . must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made[] before the original time or its extension expires . . . ."). Having reviewed Plaintiff's request, the Court does not find good cause to grant an additional extension. *Cf. Demosthene v. City of New York*, 831 F. App'x 530 (2d Cir. 2020) (summary order) (affirming district court's denial of plaintiff's second request for extension to file objections to report and recommendation because denying "requests for further extensions of time was well within the range of permissible decisions and did not constitute an abuse of discretion"). The Court has already granted Plaintiff an extension, and while Plaintiff may have had unanticipated work obligations on July 15, 2025, Plaintiff had several weeks prior to that date during which time she could have filed her objections or otherwise request an additional extension.

Accordingly, the Court DENIES Plaintiff's second request for an extension to file her objections to the R&R, and the Court will not reconsider its prior order adopting the R&R or otherwise reopen this case.

Dated: August 1, 2025
      New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge

2