UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MYRA S. SMITH, <br>           Plaintiff, <br> -against- <br> CITY OF NEW YORK, <br>           Defendant. | No. 1:23-cv-08229 (JLR) (RWL) <br><br> **ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  On July 18, 2025, the Court issued an Order adopting Magistrate Judge Lehrburger's June 3, 2025 Report and Recommendations (the "R&R") and dismissing Plaintiff's Amended Complaint. *See* Dkt. 68. On August 1, 2025, the Court denied Plaintiff's untimely request for an extension to file objections to the R&R. *See* Dkt. 71. On August 20, 2025, Plaintiff both moved for an extension of time to file her notice of appeal from the Court's Order adopting the R&R, *see* Dkt. 72, and filed a notice of appeal, *see* Dkt. 73.

  Pursuant to Federal Rule of Appellate Procedure 4(a)(1), Plaintiff's notice of appeal was untimely because it was not filed within thirty days of the Court's Order, that is, by August 17, 2025. *See* Fed. R. App. P. 4(a)(1). However, Plaintiff's request for an extension to file a notice of appeal was timely, as it was filed within sixty days of the Court's Order. *See id.* 4(a)(5)(A)(i). Accordingly, the Court may grant Plaintiff's request upon a showing of "excusable neglect or good cause." *Id.* 4(a)(5)(a)(ii). "The 'good cause' standard applies when the need for an extension arises from factors outside the control of the movant; the 'excusable neglect' standard applies when the need for an extension results from factors within the movant's control." *Alexander v. Saul*, 5 F.4th 139, 142 (2d Cir. 2021).

  Plaintiff explains that she did not file a notice of appeal within thirty days because she "is a disabled person suffering from chronic, painful debilitating condition which required

[her] to seek medical care from several medical professional teams during the day while the Court was opened." Dkt. 72 at 1. While the Court is sympathetic, Plaintiff has not demonstrated that this is a "'situation[] in which there is *no fault* — excusable or otherwise,' such as when 'the Postal Service fails to deliver a notice to appeal.'" *Alexander*, 5 F.4th at 147 (quoting Fed. R. App. P. 4(a)(5) advisory committee's notes to 2002 amendments). Even if Plaintiff was unable to hand-deliver her notice of appeal during business hours, she could have filed it any time by mail or email. *Cf. Diedrich v. Kluwer*, No. 23-cv-00656 (VSB), 2024 WL 2883985, at *1 (S.D.N.Y. May 8, 2024) (applying excusable-neglect standard where, among other things, there was no "reason to believe that [plaintiff] lacked access to the mail"). Thus, Plaintiff's "failure to appeal in a timely fashion was at least partially due to her own inadvertence," and the Court must apply the "excusable neglect" standard. *Alexander*, 5 F.4th at 142.

The excusable-neglect standard requires the consideration of four factors: "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id.* (alterations in original) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993)). "Because '[t]he requirement of filing a timely notice of appeal is "mandatory and jurisdictional,"'" the Second Circuit has "taken a hard line in applying the *Pioneer* test," *id.* (first alteration in original) (first quoting *Bowles v. Russell*, 551 U.S. 205, 207 (2007); and then quoting *Midland Cogeneration Venture Ltd. v. Enron Corp.* (*In re Enron Corp.*)*, 419 F.3d 115, 122 (2d Cir. 2005)), and the Court's "power to grant" Plaintiff's request is "severely circumscribed," *id.* at 154 (quoting *Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001)). "[A]lthough *pro se* status 'is relevant in determining whether there has been excusable

neglect,' such status alone is insufficient to satisfy the excusable neglect standard." *In re Nestor*, No. 24-cv-06250 (JHR) (SLC), 2024 WL 5119123, at *2 (S.D.N.Y. Nov. 19, 2024) (quoting *In re Soundview Elite Ltd.*, 512 B.R. 155, 157 (S.D.N.Y. 2014)), *report and recommendation adopted*, 2025 WL 2089353 (S.D.N.Y. July 25, 2025).

Given the minimal delay and the absence of any evidence of bad faith, the first, second, and fourth factors favor Plaintiff, as they do in most cases. *See Alexander*, 5 F.4th at 149 (noting that factors one, two, and four "usually weigh in favor of the party seeking the extension" and agreeing with district court that these factors favored movant where nonmovant "did not suffer meaningful prejudice from [plaintiff]'s delay, the length of her delay was short, and nothing in the record indicates that [she] acted in bad faith" (quoting *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 362 (2d Cir. 2003))); *Myers v. N.Y.C. Hum. Rts. Comm'n*, No. 04-cv-00543 (JCF), 2006 WL 2053317, at *2 (S.D.N.Y. July 21, 2006) ("The delay could not have exceeded thirty days beyond the deadline to appeal or the motion would be barred altogether. Since the delay is necessarily brief, the likelihood of prejudice to the non-moving party is minimal."). However, the third factor — the reason for the delay — does not favor Plaintiff, and this factor is "the most important." *Alexander*, 5 F.4th at 149 (noting Second Circuit's focus on third factor "despite 'the existence of the four-factor test in which three of the factors usually weigh in favor of the party seeking the extension.'" (omissions in original) (quoting *Silivanch*, 333 F.3d at 366)). Even if Plaintiff was obtaining medical treatment every business day for a month during business hours, the Court finds it dispositive that Plaintiff has not explained why she could not have filed her notice of appeal by mail or email, as noted above. Thus, based on the current record, it appears that Plaintiff's filing delay was "within [her] reasonable control." *Pioneer*, 507 U.S. at 395. Because Plaintiff has not otherwise explained why her medical condition prohibited her from filing a

timely appeal, the excusable-neglect standard has not been satisfied. *Cf. Diedrich*, 2024 WL 2883985, at *2 (finding that plaintiff's medical circumstances, while "regrettable," did not "rise to the level of 'excusable neglect'" where records from medical appointments did not explain what "would have prevented him from filing an appeal").

Accordingly, Plaintiff's request for an extension of time to file a notice of appeal is DENIED. The Clerk of Court is respectfully directed to terminate the pending motion at Dkt. 72 and mail a copy of this order to Plaintiff.

Dated: August 26, 2025
       New York, New York

SO ORDERED.

*Jennifer Rochon*

JENNIFER L. ROCHON
United States District Judge